**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| EARL T. MOORE, | : | |
| Petitioner, | : | Civil Action No. 18-12911(RMB) |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondents. | : | |

**BUMB**, District Judge

On August 6, 2018,[1] Petitioner Earl T. Moore, a state prisoner incarcerated at New Jersey State Prison in Trenton, New Jersey, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, challenging his August 2010 conviction and sentence in Camden County, New Jersey for aggravated manslaughter, felony murder, robbery, burglary, and related weapons offenses. (Pet., ECF No. 1, at 1.) This Court ordered Respondents to file either a motion to dismiss on timeliness grounds or a full answer to the merits of the Petition. (ECF No. 4.)

---

[1] Pursuant to the prisoner mailbox rule, a pro se prisoner's habeas petition is deemed filed at the moment it is delivered to prison officials for mailing. Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998); see (Pet., ECF No. 1, at 20.)

This matter now comes before the Court upon Respondents' motion to dismiss the petition as barred by the statute of limitations, (Mot. to Dismiss, ECF No. 9), and Petitioner's brief in opposition, (Br. in Opp., ECF No. 10).

I. PROCEDURAL HISTORY

Following a jury trial at which Petitioner was found guilty of first-degree aggravated manslaughter, first-degree felony murder, first-degree robbery, second-degree burglary, second-degree conspiracy, second-degree possession of a weapon for an unlawful purpose, third-degree unlawful possession of a weapon, and, separately, second-degree certain persons not to be in possession of a weapon, a Judgment of Conviction ("JOC") was entered against Petitioner by the Superior Court of New Jersey, Law Division, Camden County on August 27, 2010. (JOC, ECF No. 9-5.) On the same date, Petitioner was sentenced to a term of life imprisonment, subject to an eighty-five percent parole disqualifier. (Id.)

Petitioner thereafter filed a direct appeal to the Superior Court of New Jersey, Appellate Division. (Notice of Appeal, ECF No. 9-6.) On January 23, 2013, the Appellate Division issued an opinion affirming Petitioner's conviction and sentence. (App. Div. Op., ECF No. 9-7.) Petitioner filed a petition for certification with the New Jersey Supreme Court, which was denied on July 19, 2013. (Sup. Ct. Order, ECF No. 9-8.)

On January 16, 2014, Petitioner filed a petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Law Division. (PCR Pet., ECF No. 9-9.) On May 28, 2015, the Superior Court denied the PCR Petition. (Order Denying PCR Relief, ECF No. 9-10.) On July 6, 2016, Petitioner filed with the Appellate Division a notice of appeal of that decision and a motion to file a notice of appeal as within time. (ECF No. 9-12.) On July 25, 2016, the Appellate Division granted Petitioner's motion to file a notice of appeal as within time. (App. Div. Order, ECF No. 9-13.) The Appellate Division affirmed the Superior Court's denial of the PCR Petition on January 25, 2018. (App. Div. Op., ECF No. 9-14.) Petitioner filed a timely petition for certification with the New Jersey Supreme Court, (Pet. for Cert., ECF No. 9-15), which was denied on June 19, 2018, (Sup. Ct. Order, ECF No. 9-17).

Petitioner placed the instant petition in the prison mailing system on August 6, 2018, and it was filed by the Clerk of the Court on August 17, 2018. (Pet., ECF No. 1.)

II. DISCUSSION

A. The Parties' Arguments

Respondents contend that the habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). (Br. in Support of Mot. 9-11, ECF No. 9-1.) The statute of limitations for petitions under § 2254 is one year. 28 U.S.C. § 2244(d)(1). Respondents assert that Petitioner's conviction became final, and the one-year limitations

3

period began to run, on October 18, 2013, 90 days after the New Jersey Supreme Court denied certification on Petitioner's direct appeal. (Br. in Supp. of Mot., ECF No. 9-1, at 11–13.)

Respondents argue that the statute of limitations then ran for 90 days until it was statutorily tolled by Petitioner's filing of a PCR petition on January 16, 2014. (Id.) Respondents contend that the limitations period was tolled until May 28, 2015, the date the Superior Court denied Petitioner's PCR petition, because Petitioner failed to file a timely appeal of that decision. Accordingly, Respondents submit that the limitations period expired on February 28, 2016, 275 days after the order denying the PCR petition was entered. (Id. at 12.) Respondents alternatively argue that if Petitioner "is given the benefit of the 45-day time frame he had to file a timely PCR appeal . . . , his [one]-year habeas filing period expired on April 14, 2016." (Id.)

Respondents additionally argue that Petitioner is not entitled to equitable tolling of the limitations period because he has failed to show "any extraordinary circumstances to warrant a finding of equitable tolling." (Id. at 15.)

In opposition to Respondents' motion, Petitioner argues that he is entitled to equitable tolling because the Office of the Public Defender (the "OPD"), which represented Petitioner in his PCR Petition, failed to timely file Petitioner's appeal of his PCR Petition. (Br. in Opp., ECF No. 10, at 9.) Petitioner alleges

4

that he sent to the public defender assigned to his PCR proceeding multiple letters "that repeatedly emphasized the importance" of filing his appeal. (Id.) In addition to the letters sent to the attorney assigned to his case, he sent letters to another attorney at the OPD and a representative of the Camden County Court. (Id. at 14.) He attaches these letters, which are dated July 28, 2015, August 15, 2015, September 11, 2015, November 23, 2015, and February 24, 2016 to his Opposition.[2] (See id. at 16-19.) (Id.) Each letter requests confirmation that an appeal was filed. (See id.) Petitioner asserts that the OPD "failed to inform [him] in a timely manner about the pending status of his case." (Id. at 9.) Petitioner contends that "these failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review." (Id. at 10.)

B. Legal Standard

28 U.S.C. § 2244(d) provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of

---

[2] Petitioner did not include the letters dated February 28, 2016 that he sent to the OPD and to the Camden County Court because he cannot locate his copies of the letters. (Br. in Opp., ECF No. 10, at 14.) However, he does include the New Jersey State Prison Postage Remit, which confirms the date the letters were sent. (Id. at 19.)

5

>     direct review or the expiration of
>     the time for seeking such review;
>
>     . . .
>
>     (2) The time during which a properly filed
>     application for State post-conviction or other
>     collateral review with respect to the
>     pertinent judgment or claim is pending shall
>     not be counted toward any period of limitation
>     under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

Pursuant to § 2244(d)(2), only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). An application for PCR is "*properly* filed when its 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' including 'time limits upon its delivery.'" Id. (quoting Artuz v. Bennett, 531 U.S. 4, 8, 11 (2000)). The state court's acceptance of an application is "an important indication that the pleading is properly filed." Id. (quoting Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 87 (3d Cir. 2013)).

A properly filed application will toll the limitations period

6

during the period between a lower state court's decision and the timely filing of an appeal of that decision, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could have been filed, even if no appeal is filed, Swartz, 204 F.3d at 420-24. Furthermore, the tolling provision does not reset the date from which the one-year limitation period begins to run. Johnson v. Hendricks, 314 F.3d 159, 161–62 (3d Cir. 2002).

Even if the statutory limitations period has passed, a petition may overcome that limitation if he can show a basis for equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "The diligence required for equitable tolling purposes is reasonable diligence." Id. at 799. The obligation to exercise reasonable diligence includes the period when a petitioner is exhausting state remedies. Id. "The fact that a petitioner is proceeding pro se does not insulate him form the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." Id. at 800.

C. Analysis

　　1.　The Petition was Untimely Filed

Direct review of Petitioner's conviction and sentence concluded on July 19, 2013, when the New Jersey Supreme Court denied certification. Petitioner's conviction became final for the purposes of the AEDPA, and the statute of limitations began to run, on October 19, 2013, when the 90-day period to seek certiorari with the United States Supreme Court expired.[3] Swartz, 204 F.3d at 419. The limitations period was then statutorily tolled on January 16, 2014 by Petitioner's filing of a PCR petition.[4] See § 2254(d)(2).

---

[3] Federal Rule of Civil Procedure 6 describes how to compute any time period in any statute that does not specify a method of computing time. Fed. R. Civ. P. 6(a). In computing time, one should exclude the day of the event that triggers the period; count every day including intermediate Saturdays, Sundays and legal holidays; and include the last day of the period unless it is a Saturday, Sunday or legal holiday, in which case it runs until the next day. Fed. R. Civ. P. 6(a)(1)(A)-(C).

[4] While Petitioner signed his PCR petition on August 15, 2013, it appears to have been received by the Superior Court on November 25, 2013 and marked "Filed" on January 16, 2014. (ECF No. 9-9.) As New Jersey has not adopted the prisoner mailbox rule, see Hamm v. Holmes, No. 12-5337, 2015 WL 5679877, *3 n.3 (D.N.J. Sept. 24, 2015), the Court will use the date the PCR Petition was marked filed as the date it was "properly filed," see Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (explaining that state law determines when a PCR petition is "properly filed"). See also Scott v. Nogan, No. 16-5294, 2019 WL 1352845, at *2 (D.N.J. Mar. 26, 2019) (using date PCR petition was marked "filed" as the date it was "properly filed" for the purpose of the AEDPA limitations period); Mallard v. Bartkowski, No. 11-3442, 2013 WL 2481262, at *7 (D.N.J. June 10, 2013) (same).

The Superior Court denied the PCR petition on May 28, 2015. Under the New Jersey Court Rules, Petitioner had 45 days from that date to file an appeal in the Appellate Division. See N.J. Ct. R. 2:4-1(a). Petitioner failed to file an appeal during this time and, instead, filed a late notice of appeal and motion for leave to file as within time on July 6, 2016. Respondents argue that because Petitioner failed to file a timely appeal of the PCR petition, the AEDPA limitations period again began to run on either May 28, 2015, the date the PCR petition was denied, or July 13, 2015, when Petitioner's time to file an appeal expired.

The AEDPA limitations period is only statutorily tolled where a petition for post-conviction relief is "pending." See Swartz, 204 F.3d at 420. Generally, an application for post-conviction relief remains pending during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. Evans v. Chavis, 546 U.S. 189, 191 (2006) (emphasis in original). Where a petitioner does not file a timely appeal, the AEDPA limitations period will run during "the period between the expiration of time to appeal and when the appeal was actually filed." Alvarenga v. Lagana, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016), aff'd sub nom, Alvarenga v. Admin. N. State Prison, No. 16-3538, 2016 WL 9631331 (3d Cir. Dec. 8, 2016) (denying certificate of appealability). Here, because

Petitioner failed to file a timely appeal, the statute of limitations began to run on July 14, 2015, when Petitioner's time to file an appeal expired. At that time, 275 days remained of the AEDPA limitations period. The limitations period therefore expired on April 15, 2016, more than two years before Petitioner eventually filed the instant petition on August 6, 2018.

### 2. Equitable Tolling

Petitioner seeks equitable tolling of the statute of limitations based on his counsel's failure to file a timely appeal despite his multiple inquiries as to the status of his appeal. (Br. in Opp., ECF No. 10, at 9.) Letters submitted by Petitioner evince that he wrote to the OPD and the public defender that had been assigned to his PCR petition five times requesting confirmation that his appeal had been filed. (Id. at 13-14.) It appears that no one from the OPD responded to those letters. (See id. at 9.)

Generally, "attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004). There are, however, certain "'narrow circumstances in which the misbehavior of an attorney may merit' equitable tolling." Id. (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)). For example, in Seitzinger, the Third Circuit determined that the petitioner was entitled to equitable tolling

where his attorney affirmatively misled him to believe that a timely appeal had been filed. 165 F.3d at 241.

Even where an attorney's conduct constitutes an extraordinary circumstance, a petitioner must still demonstrate that he acted with reasonable diligence. Accord id. at 241-42; Ross, 712 F.3d at 799. Factors to be considered in determining whether an attorney's negligence entitles a petitioner to equitable tolling are: "(1) whether the petitioner hired an attorney to file the petition; (2) whether the petitioner contacted the attorney prior to the filing deadline; and (3) whether the petitioner consistently called the attorney to monitor the status of his case." Fogg v. Carroll, 465 F. Supp. 2d 336, 345 (D. Del. 2006) (citing Schlueter, 384 F.3d at 83). Nevertheless, the Third Circuit has cautioned that "even when counsel fails to file a PCR appeal, equitable tolling is not warranted if the petitioner could have simply filed a pro se notice of appeal to toll his federal habeas statute of limitations." Davis v. D'Ilio, No. 15-3568, 2017 WL 486261, at *3 (D.N.J. Feb. 6, 2017) (citing Brown v. Shannon, 322 F.3d 768, 773-74 (3d Cir. 2003)); see also Ross, 712 F.3d at 803 n.29.

Petitioner has not demonstrated that his attorney's failure to file a timely appeal rose to a level above the typical "garden variety" attorney negligence claim to constitute an extraordinary circumstance. While the letters presented by Petitioner demonstrate that his attorney may have been negligent in failing

to file a timely appeal or respond to his correspondence, there is no allegation that counsel deceived him into believing that a timely appeal was filed. Cf. Seitzinger, 165 F.3d at 241. This type of attorney non-feasance does not constitute an extraordinary circumstance to permit equitable tolling of the limitations period. See United States v. Bass, 268 F. App'x 196, 199 (3d Cir. 2008)

Petitioner has similarly not demonstrated that he exercised reasonable diligence in pursuing an appeal of the PCR petition. According to Petitioner's certification made in support of his opposition to this motion, Petitioner claims that he contacted the OPD on July 7, 2015, six days before the deadline to appeal expired, to request that the OPD file an appeal on his behalf. (Br. in Opp., ECF No. 10, at 12.) Petitioner has not provided the Court with a copy of this letter nor has he indicated whether the OPD confirmed that it would represent him in the appeal. Petitioner thereafter did not contact the OPD regarding the appeal until after the deadline to file the appeal had expired. (See Br. in Opp., ECF No. 10, at 13, 16–19.) It appears that Petitioner wrote to the OPD sporadically to request confirmation that an appeal was filed, sending approximately five letters over an almost one-year period of time, none of which appear to have been answered. Petitioner fails to explain why he did not file a pro se notice of appeal when he failed to receive any confirmation

12

from the OPD that an appeal had been filed. Accord Brown, 322 F.3d at 773; Davis, 2017 WL 486261, at *3. Petitioner's letters to the OPD indicate that he understood the importance of filing the appeal. Moreover, the OPD's lack of response should have indicated that it was unlikely an appeal was filed on his behalf. Petitioner had previously made pro se filings in state court, and "there is no reason to believe that [he] could not prepare and submit a notice of appeal, a simple one-paragraph document, within that time." Brown, 322 F.3d at 773-74. Accordingly, the Court finds that Petitioner did not act with reasonable diligence in pursuing the appeal.

Because Plaintiff has not demonstrated that his attorney's conduct prevented him from filing a timely notice of appeal or that he exercised reasonable diligence in pursuing his appeal, he is not entitled to equitable tolling of the limitations period and the petition will be dismissed as time barred.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, jurists of reason could not disagree that Petitioner's habeas petition is barred by the one-year statute of limitations, and that Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period. Therefore, the Court will deny a certificate of appealability.

V. CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss will be granted. An appropriate order follows.

Dated: July 10, 2019

            s/Renée Marie Bumb
            **RENÉE MARIE BUMB**
            **United States District Judge**